# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

RANDY TERRY,

        *Defendant-Appellant.*

No. 00-4548

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-99-515)

Submitted: February 23, 2001

Decided: March 15, 2001

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Leesa Washington, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Randy Terry appeals the district court's order revoking his term of probation and imposing a period of imprisonment. Terry was serving a five year term of probation imposed on his guilty plea to one count of wire fraud. *See* 18 U.S.C.A. § 1343 (West 2000). At the revocation hearing, Terry admitted three violations of the conditions of his probation. On Terry's admission, the district court sentenced Terry to thirteen months in prison. After obtaining an extension of time to do so, Terry noted a timely appeal and his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addresses the possibility that the district court erred in revoking Terry's probation. The time for filing a supplemental brief has passed and Terry has not responded despite being advised of his right to do so. Finding no merit to counsel's claim of error, and discovering no other reversible error in our review of the record, we affirm the district court's judgment.

This court reviews the district court's order imposing a term of imprisonment for an abuse of discretion. *See United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). An abuse of the district court's discretion occurs when the court fails or refuses to exercise its discretion or when the court's exercise of discretion is flawed by an erroneous legal or factual premise. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). Terry fails to identify how the district court's exercise of its discretion in imposing the sentence of active prison time was so flawed and we can discern no error of this magnitude on the record. Accordingly, we affirm the district court's order.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no nonfrivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006A (West 2000), this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. If requested by her client

to do so, counsel should prepare a timely petition for writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*